TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Mario Mercado*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Mercado, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, MARIO MERCADO, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Glendale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendant to this lawsuit is Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

6. On or about April 26, 2015, Plaintiff obtained his Experian credit file and noticed several inaccuracies on the following trade lines ("Errant Trade Lines"):

   a. He did not recognize the following items on his credit report:

      i. Chase, Account Number: 4651880412265;

      ii. LVNV Funding, Account Number: 4241651;

      iii. JR Brothers Finance, Account Number: 52544500747847;

      iv. Receivables Performance, Account Number: 26792176;

      v. Transworld System. Account Number: 18925347;

      vi. Transworld System, Account Number: 18925350;

      vii. Unique National Collection, Account Number: 11414684; and

      viii. Unique National Collection, Account Number: 7686554.

   b. He had been reported as making late payments on the following trade lines, although his records did not reflect that he was ever late:

      i. Credit One Bank, Account Number: 4447962255360186; and

      ii. Pioneer, Account Number: 20111233130633.

   c. Plaintiff noted that the following trade line should no longer be reflecting on his credit report because the date of his first delinquency was more than 7 years ago. Under the FCRA, this trade line should have been removed:

3

      i. Medical Data Payment, Account Number: 4474587.

7. On or about May 11, 2015, Plaintiff submitted a letter to Experian, disputing the above referenced Errant Trade Lines.

8. On or about May 20, 2015, he received a letter from Experian, stating that it received a suspicious request and determined that it was not sent by Plaintiff. Experian refused to conduct an investigation into the Plaintiff's dispute and further stated that it would apply this same policy to any future suspicious requests that it received.

9. Experian violated the Plaintiff's rights under the Fair Credit Reporting Act, causing him pecuniary and emotional damages, costs, and attorneys' fees.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

10. Plaintiff realleges the above paragraphs as if recited verbatim.

11. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

12. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

13. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

14. After receiving Plaintiff's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

15. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

16. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

19. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

20. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

21. After receiving Plaintiff's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

22. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

23. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 9, 2016

KENT LAW OFFICES

By: */s/ Trinette G. Kent*

Trinette G. Kent
Attorneys for Plaintiff,
Mario Mercado